## CHENEY *v.* BARBER.

PRACTICE — *manner of preserving objection, that written instrument has been altered after execution.* It was objected to a written instrument when it was offered in evidence, that it had been altered after execution by changing the name of the payee and the date, and the objection was overruled. The instrument not having been attached to the record filed in this court, the ruling of the court below on this point cannot be reviewed.

*Construction of contract.* Contract for payment of $600 in four months and an additional $600 upon the sale of certain mining property. Comments and construction.

CONDITION PRECEDENT — *performance must be proved.* In order to recover upon an agreement to pay $600 when W. S. R. should sell certain mining

property on the Bobtail lode, the plaintiff must prove that W. S. R. sold property on that lode, and also that the property so sold was that which was referred to in the agreement.

*Appeal from District Court, Gilpin County.*

Messrs. W. S. & L. C. ROCKWELL, for appellant.

Messrs. JOHNSON & TELLER, for appellee.

BELFORD, J.   This was an action of assumpsit founded on the following note and agreement in writing :

"Four months after date, for value received, we jointly and severally promise to pay J. E. Barber, or order, $600. Signed, Wm. S. Rockwell, Hazen Cheney.   October 3, 1868.

"In consideration of the above sum being without interest we promise and agree that should Wm. S. Rockwell, one of the signers hereto, effect a sale at the east or elsewhere, of certain mining property on the Bobtail lode, and receive his pay therefor, then we will pay an additional $600. Signed, William S. Rockwell, Hazen Cheney.   (Seal.)"

It is alleged in the complaint that, on the 3d day of October, 1863, the plaintiff Barber, together with certain other parties, were the owners of certain mining property situated in Gilpin county and known and described as the east sixty-six and (2-3) two-thirds feet of claim number one east, and the west twenty feet of claim number two east on the Bobtail lode.   That, on the day aforesaid, William S. Rockwell applied to the plaintiff for a power of attorney from him, authorizing Rockwell to negotiate a sale of the interest of the plaintiff in said property, and also, at the same time, applied to plaintiff for the loan of $600 in money for his own benefit.   That thereupon it was agreed between Rockwell and Barber that the plaintiff would loan and advance to Rockwell the sum of $600, and also empower him to sell and convey the interest of the plaintiff in the property above described, on the condition that Rockwell and Cheney should make a joint and several promissory note to the plaintiff (being the one above set

forth), and payable four months after date, for the sum of $600, and that said defendants, Rockwell and Cheney, would further execute and deliver to plaintiff an agreement in writing (being the one above set forth), that upon the sale of said property they would pay the plaintiff an additional sum of $600 to that mentioned in said note. It is further alleged that Rockwell and Cheney did thereupon execute said note, and at the same time and place make their certain agreement in writing, whereupon the said plaintiff duly empowered the said Rockwell to sell and convey the said property above described, and to execute a deed therefor. And the plaintiff further avers that afterward, to wit, on the 31st day of March, 1864, Rockwell did sell and convey the same identical property referred to and mentioned in the written agreement above set forth, and received the pay therefor. A trial was had by the court, a finding for the plaintiff, and judgment for the sum of $1,500.

The plaintiff, to maintain his action, offered in evidence the note and agreement, to the introduction of which the defendant objected, " because said note and agreement have been altered by substituting the name of a different payee, and that the date of the said note has been changed since the same was executed." Which objections were over-ruled by the court, and this is the first error assigned. We have no data before us by which the tenability of these objections can be determined. There is no evidence before us, that these objections urged by counsel existed; in fact, the execution of the papers is admitted, and we are asked to conclude that the instruments offered in evidence were altered upon the simple ground that the coun-sel so stated when they were offered in evidence. Had the originals been attached to the bill of exceptions, we might derive some light from an inspection, but this is denied us. Neither the originals, nor any evidence showing the alleged alteration, have reached this court. The general rule is, that the material alteration of an instru-ment, made by a party who claims the benefit of it, without the consent of the party against whom it is sought to be

enforced, renders it void. The question of alteration is a question of fact. The true rule in regard to the burden of proof is, that when the alteration is of such a character as to defeat entirely its operation for any purpose, as in the case of an erasure of the signature of a deed or other instrument, so that, admitting all to be true that appears upon the instrument, when produced it would be void in law, it should be explained in the first instance before it should be permitted to go to the jury. In other cases the instrument should be given in evidence, and should go to the jury upon the ordinary proof of execution, although an alteration may appear in it, leaving the parties to such explanatory evidence as they may choose to offer. But if there is neither intrinsic nor extrinsic evidence as to when the alteration was made, the presumption of law is, that it was made before or at the execution of the instrument. *Stoner* v. *Ellis*, 6 Ind. 152. It nowhere appears that any proof was offered, tending to show that any alterations were made in the instruments, and in the absence of all evidence on the subject, we cannot say that the action of the court in admitting these instruments was erroneous.

It is claimed by the appellant that the contract sued on is an entirety in law ; that it contains but one agreement as to payment and time of payment, the latter being four months after date, the amount to be paid four months after date to be either $600 or $1,200, depending on the happening of an event, being the sale of certain mining property. It is very clear that the first instrument sued on is a contract to pay $600 four months after date. This payment depends on no contingency and hinges on no condition. It is an absolute promise to pay, and, at maturity, the plaintiff might have instituted legal proceedings to enforce its collection, omitting, at the same time, any mention or notice of the contract which immediately followed it.

In the second contract it is stipulated that, as no interest has been charged for the loan of the sum secured by the promissory note, Rockwell & Cheney will pay $600 more to Barber, should Rockwell succeed in selling the mining prop-

erty which Barber authorized him to sell. We cannot
agree with the appellant in his theory that the obligation to
pay the additional $600 depended upon the sale of this
property within four months, or during the time intervening
between the execution and maturity of the note. The con-
tingency upon which this second $600 became payable was
the selling of the property. When a sale was effected, and
the money therefor received by Rockwell, then his promise
ripened into an absolute liability. There nowhere appears
in this second contract any limit as to the time when the sale
was to be made, and to give it the construction claimed by
the appellant, we must interpolate into the body of the con-
tract words which the parties to it did not deem fit to incor-
porate. In other words, we must make a new contract for
them. This clearly is not the province of a court. To con-
strue contracts, not make new ones, is our duty.

We are, therefore, of the opinion that, upon a sale being
made, Rockwell & Cheney became liable for the additional
$600.

It is further contended by the appellant that there is no
evidence showing that a sale was made by Rockwell. It
will be observed that the contract fails to describe specifically
the property to be sold. It was on the Bobtail lode, but
what particular portion of it?

To entitle the plaintiff to recover, he must show that the
property, concerning which the contract was made, was
sold by Rockwell. To prove a sale, he introduced in evi-
dence a deed made by Rockwell as attorney in fact of Bar-
ber and others to George A. Hoyt. Conceding that this
deed was properly admitted in evidence, there is nothing in
the record showing that the land described in the deed was
the same about which this contract was made. If left to
enter the domain of inferences, we might conclude that the
property was the same, but the plaintiff, to recover, must
rely on something better than inferences. It was in his power
to prove this fact, and he should have done so. The testi-
mony of Lyon throws no light on this branch of the subject,
and the statement in Rockwell's letter is entirely too ambig-

uous to be relied upon with safety. From the careful examination we have given the evidence, we are forced to the conclusion that it is not sufficient to prove a sale of the property about which the contract was made.

This cause is therefore reversed and remanded for a new trial, at the costs of the appellant.

*Reversed.*